UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GRIZZLY MOUNTAIN AVIATION, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-08-87 |
| | § | |
| MCTURBINE, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF REMAND

On this day came on to be considered Plaintiff Grizzly Mountain Aviation, Inc.'s (hereinafter, "Grizzly Mountain") oral motion to remand the above-styled action back to state court. For the reasons set forth below, Plaintiff's motion to remand is GRANTED, and the Court hereby REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the County Court at Law Number 3 of Nueces County, Texas, where it was originally filed and assigned Cause No. 08-60552-3.[1]

### I.      Factual and Procedural Background

Plaintiff Grizzly Mountain is in the business of "using helicopters as air cranes to remove timber from logging areas inaccessible to vehicular traffic." (Original Petition, ¶ 2). On March 17, 2006, a helicopter "employed" by Grizzly Mountain and engaged in logging operations crashed near Dayville, Oregon. (Id., ¶ 17). The pilot was killed and the crash resulted in a total loss of the helicopter (less any salvage value of the wreckage). (Id., ¶¶ 22). Plaintiff Grizzly

---

[1]The Court notes that it conditionally granted Plaintiff's oral motion to remand at a March 20, 2008 hearing before the Court. The Court's order was conditional on Plaintiff effectuating service on in-state Defendant McTurbine, Inc. (hereinafter, "McTurbine"). McTurbine has since been served, and the Court therefore issues this Order of Remand. The Court notes that certain parties have since filed numerous pleadings regarding the removal and remand (D.E. 8, 12, 13), which do not alter the Court's original, March 20, 2008 Order regarding Plaintiff's oral motion to remand the case.

Mountain claims that certain mechanical factors caused the helicopter crash. (Id., ¶ 18). Specifically, Plaintiff claims that various problems occurred with the helicopter's gear shaft roller bearings, eventually leading to a sudden engine failure and subsequent crash of the helicopter. (Id., ¶¶ 18-21). Plaintiff claims that in addition to the total loss of the helicopter, the crash caused Plaintiff to lose revenues and profits, and to incur various costs, expenses and taxes. (Id., ¶ 23).

Plaintiff filed its Original Petition in state court on March 14, 2008. Plaintiff filed suit against the following Defendants: Kaman Aerospace Corporation (hereinafter, "Kaman"), Honeywell International, Inc., McTurbine, Inc. (hereinafter, "McTurbine"), Cappsco International, Inc., MRC Bearings, Inc., SKF USA Inc., and the Timken Company. Plaintiff brings claims for strict products liability, negligence, breach of warranty, and misrepresentation against Kaman, who Plaintiff alleges designed, manufactured, supplied and/or sold into commerce the subject helicopter. (Id., ¶¶ 24-50). Plaintiff brings claims for negligence, breach of warranty and misrepresentation against Defendant McTurbine. (Id., ¶¶ 78-95). Plaintiff claims that McTurbine was the entity that "maintained, repaired, overhauled and/or inspected for airworthiness the Helicopter and/or the [helicopter's] Engine". (Id., ¶ 79). In addition to the claims against Kaman and McTurbine, Plaintiff brings various other claims against Defendants Honeywell International, Inc., Cappsco International, Inc., MRC Bearings, Inc., SKF USA Inc., and the Timken Company. (Id., ¶¶ 51-77, 96-140).[2]

On March 18, 2008, Defendant Kaman removed the case to this Court, on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). Kaman claims that the suit is between citizens

---

[2]In its Original Petition, Plaintiff claims that venue is proper in County Court at Law No. 3 of Nueces County, Texas, "in that a substantial part of the events giving rise to this claim occurred in Nueces County, which is the location of McTurbine's principal office in Texas." (Id., ¶ 16).

of different states and that the amount in controversy exceeds $75,000, exclusive of interest and costs.  (D.E. 1, Notice of Removal, ¶ 3).  Plaintiff Grizzly Mountain is an Oregon citizen, incorporated in Oregon and with its principal place of business in Prineville, Oregon.  (Original Petition, ¶ 2).  Kaman indicates that it is a Connecticut citizen, incorporated in and with its principal place of business in Connecticut.  (Notice of Removal, ¶ 4).  Kaman also indicates that McTurbine is a Texas citizen, with its principal place of business in Texas.  (Id., ¶ 5).  Kaman does not provide the citizenship of the other named Defendants in its Notice of Removal, only indicating that such Defendants are "citizens of the United States."[3]  (Id., ¶ 4).

Kaman filed its Original Answer in state court on March 17, 2008, the Monday after the case was filed on the previous Friday (March 14, 2008).  As noted above, Kaman removed the case on March 18, 2008, which was only one full business day after the case was filed in state court.  As set forth below, Kaman appears to have removed the case so quickly so as to prevent Plaintiff from having an opportunity to serve Texas-citizen Defendant McTurbine.

The Court held a telephone conference regarding this case on March 20, 2008.  Plaintiff indicated that it was in the process of effectuating service on Defendant McTurbine, and that McTurbine would be served shortly.  McTurbine has since been served with Plaintiff's Original Petition, and McTurbine filed its Original Answer to Plaintiff's Original Petition on April 3, 2008 (D.E. 5).  In its Original Answer, McTurbine confirms that "it is a Texas corporation with its principal place of business in Corpus Christi, Texas".  (Id., ¶ 5).  At the March 20, 2008

---

[3]Kaman also incorrectly identifies itself as a "citizen of the United States" in its Notice of Removal.  (Notice of Removal, ¶ 4).  Kaman is a citizen of Connecticut for diversity purposes, and the citizenship of the other Defendants must be identified for complete diversity to exist. These Defendants are not "citizens of the United States" for purposes of diversity, rather, they are citizens of particular states.  Regardless, this case must be remanded because of the Texas citizenship of Defendant McTurbine.  However, even if McTurbine had not been a Texas citizen, Kaman still would not have established complete diversity of the parties, because Kaman fails to plead the citizenship of the other named Defendants in the case.

telephone conference, the Court conditionally remanded the case, pending service on Defendant McTurbine.

For the reasons set forth below, the Court finds that Defendant McTurbine's Texas citizenship prevents Kaman from removing this case based on diversity jurisdiction. See 28 U.S.C. § 1441(b). The Court notes Kaman's argument that Plaintiff has improperly joined McTurbine to defeat federal jurisdiction, but the Court rejects Kaman's improper joinder argument and holds that McTurbine's citizenship cannot be disregarded for jurisdictional purposes.

## II.     Discussion

### A.     General Removal Principles

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. See 28 U.S.C. § 1441(a). A court, however, "must presume that a suit lies outside its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001); see also Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). In evaluating the propriety of a removal, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno, 276 F.3d at 723; see also Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) ("doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction"); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

It is well-settled that the removing party bears the burden of showing that the removal was proper. See Frank v. Bear Stearns & Co., 128 F.3d 919, 921-22 (5th Cir. 1997). This

burden extends to demonstrating both the jurisdictional basis for removal and compliance with the requirements of the removal statute.  See Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995).

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, a party may remove a case if there is: (1) complete diversity of citizenship; and (2) an amount in controversy greater than $75,000, exclusive of interests and costs.  See 28 U.S.C. § 1332(a).

### B. **Defendant McTurbine's Texas Citizenship Precludes Removal Based on Diversity Jurisdiction**

As noted above, Defendant McTurbine is a Texas citizen with its principal place of business in Texas.  (Original Answer, ¶ 6).  Under 28 U.S.C. § 1441(b), because McTurbine is a Texas citizen, Defendant Kaman cannot remove the case to this Court on the basis of diversity jurisdiction.  Section 1441(b) states as follows:

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought*.

28 U.S.C. § 1441(b) (emphasis added).  Thus, where jurisdiction is based on diversity of citizenship, an action is not removable if any defendant is a citizen of the state in which the action is brought.  See, e.g., Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 531-32 (5th Cir. 2006); Coury v. Prot, 85 F.3d 244, 252 (5th Cir. 1996) (stating that a "defendant may not remove a state action to federal court if a defendant is a citizen of the state in which the action is filed").[4]

---

[4]The presence of an "in-state" defendant is a procedural defect, and the Court cannot remand the case unless Plaintiff makes a motion to remand the case within 30 days of the

In this case, as set forth above, it is undisputed that McTurbine is a citizen of Texas. McTurbine has been properly joined (discussed below), and has been properly served in this action. Plaintiff filed the case in Texas, and because of Defendant McTurbine's Texas citizenship, Kaman may not remove the case to this Court. See 28 U.S.C. § 1441(b); Williams v. AC Spark Plugs Div. of General Motors Corp. 985 F.2d 783, 786 (5th Cir. 1993) (stating that "28 U.S.C. § 1441(b) ... prohibits removal if any defendant is a citizen of the state in which the action was brought").[5]

---

removal. In re Shell Oil Co., 932 F.2d 1518, 1522 (5th Cir. 1991); see also Denman by Denman v. Snapper Div., 131 F.3d 546, 548 (5th Cir. 1998) (stating that "[u]nder the law of this circuit, ... the presence of an in-state defendant is a procedural defect that is waived unless raised within thirty days of removal"). In this case, Plaintiff Grizzly Mountain did object to the procedural defect in the removal and brought an oral motion to remand, which this Court now GRANTS and remands the case to state court.

[5]The Court notes Kaman's argument that McTurbine's citizenship may be disregarded for purposes of Section 1441(b), because McTurbine was not served at the time of removal. This is no longer relevant because McTurbine has since been properly served in the case. However, regardless of whether or not McTurbine was properly served by Plaintiff at the time of removal, Section 1441(b) still bars removal because of McTurbine's Texas citizenship. See Pecherski v. Gen. Motors Corp., 636 F.2d 1156, 1160 (8th Cir. 1981) ("Despite the 'joined and served' provision of section 1441(b), the prevailing view is that the mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety of removal."); Hinkle v. Norfolk S. Ry. Co., 2006 WL 2521445, at *2 (E.D. Mo. Aug. 29, 2006) (same); Oxendine v. Merck and Co., Inc., 236 F.Supp.2d 517, 525 (D. Md. 2002) (same); Preaseau v. Prud. Ins. Co. of Am., 591 F.2d 74, 78 (9th Cir. 1979) ("this court has specifically rejected the contention that s 1441(b) implies that service is the key factor in determining diversity"); Vogel v. Dollar Tree Stores, Inc., 2008 WL 149234, at *3 (E.D. Cal. Jan. 14, 2008) ("Where federal jurisdiction is predicated on diversity of citizenship, neither §§ 1441(a) and 1332 nor existing precedent allow this court to superficially find diversity by ignoring the citizenship of unserved defendants."). Courts are essentially split on whether or not Section 1441(b) requires service of the in-state defendant to preclude removal under the statute. See, e.g., Yocham v. Novartis Pharm. Corp., 2007 WL 2318493, at * 3 (D. N.J. Aug. 13, 2007) (holding that Section 1441(b) did not bar removal where the in-state defendant had not been served as of the date of removal); Waldon v. Novartis Pharm. Corp., 2007 WL 1747128, at *3 (N.D. Cal. June 18, 2007) (same). However, all ambiguities must be resolved in favor of remand, and in this case it appears that Kaman was engaging in forum manipulation in its extremely quick removal of the case. See Manguno, 276 F.3d at 723 ("[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."). Based on all of the above, this Court follows the line of cases that holds that Section

C.      **McTurbine is Not Improperly Joined to Defeat Diversity**

Removing Defendant Kaman claims that "Plaintiffs' claims against McTurbine, Inc. are a sham and that there is no possible cause of action by Plaintiff for any of the claims it raises in its Original Petition.  Accordingly, the Texas citizenship of McTurbine, Inc. can and should be disregarded in determining whether or not this case can be properly removed."  (Notice of Removal, ¶ 6).  Essentially, Kaman makes an "improper joinder" argument, claiming that McTurbine was improperly joined in the case and that McTurbine's citizenship should be disregarded for purposes of diversity jurisdiction.  As set forth below, this argument has no merit, and McTurbine was not improperly joined in this action.

1.      **Improper Joinder**

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper."  Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004) (en banc).  The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court.  See Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir. 2006) (citing Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003)); see also Boone v. Citigroup, Inc., 416 F.3d 382, 388 (5th Cir. 2005).  As there is no allegation of actual fraud in Plaintiff's Original Petition, Removing Defendant Kaman establishes improper joinder by demonstrating that there is no possibility of recovery by Plaintiff against Texas citizen McTurbine.  See Crockett, 436 F.3d at 532.  The Court resolves this matter by conducting an analysis under a rule similar to that of Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Court "must evaluate all of the factual allegations in the light most

---

1441(b) does bar removal based on McTurbine's Texas citizenship, even though McTurbine had not been served at the time of removal.  See Pecherski, 636 F.2d at 1160.

favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." Guillory v. PPG Indus., Inc., 434 F.3d 303, 308 (5th Cir. 2005) (citing B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)); see also Boone, 416 F.3d at 388; Smallwood, 385 F.3d at 573.  The Court does "not determine whether the plaintiff will actually or even probably prevail on the merits of [its state law] claim, but look[s] only for a possibility that the plaintiff might do so." Guillory, 434 F.3d at 308.  Ordinarily, if the plaintiff can survive the Rule 12(b)(6) type challenge, there is no improper joinder.  See Smallwood, 385 F.3d at 573. If Kaman fails to establish improper joinder, then McTurbine is a local defendant under 28 U.S.C. § 1441(b) and the Court must remand the case back to state court.  See 28 U.S.C. § 1441(b), 1447(c).

        2.      **Plaintiff Pleads a Misrepresentation Claim Against McTurbine**

As long as Plaintiff could conceivably recover damages from in-state Defendant McTurbine, McTurbine is not improperly joined and the case must be remanded.  See Smallwood, 385 F.3d at 573.  In this case, Plaintiff does adequately plead a claim against McTurbine for misrepresentation under Texas law.[6]

Under Texas law, "negligent misrepresentation" consists of the following elements:  (1) a representation made by the defendant in the course of the defendant's business, or in a transaction in which the defendant has a pecuniary interest; (2) the defendant supplies false information for guidance of others in their business; (3) the defendant did not exercise reasonable

---

[6] In its Original Petition, Plaintiff brings claims against McTurbine for negligence, breach of warranty and misrepresentation. (Original Petition, ¶¶ 51-77).  Because the Court finds that Plaintiff does adequately plead a misrepresentation claim against McTurbine, the Court does not reach the issue of whether Plaintiff could conceivably recover from McTurbine on Plaintiff's claims for negligence and breach of warranty.  Because Plaintiff could conceivably recover on its claim for misrepresentation, the case must be remanded and there is no need for the Court to examine Plaintiff's claims for negligence and breach of warranty.

care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.  GMAC Commercial Mortg. Corp. v. East Texas Holdings, Inc., 441 F.Supp.2d 801, 808 (E.D. Tex. 2006); see also Fed. Land Bank Ass'n of Tyler v. Sloane, 825 S.W.2d 439, 442 (Tex. 1991) (citing Restatement (Second) of Torts (1977)).  In sum, "[t]he tort [of negligent misrepresentation] involves an intentional statement that was made negligently, or without reasonable care, and that later proves to be false."  Aetna Cas. and Sur. Co. v. Metro. Baptist Church, 967 F.Supp. 217, 223 (S.D. Tex. 1996).

As noted above, this case involves a helicopter that crashed after experiencing various mechanical failures.  (Original Petition, ¶¶ 18-21).  Plaintiff claims that McTurbine was involved in the maintenance and repair of the subject helicopter, and/or that McTurbine inspected the helicopter and certain of its parts for airworthiness.  (Id., ¶ 79).  In its misrepresentation claim, Plaintiff alleges that McTurbine, in the course of its business, misrepresented that the helicopter and certain of its parts were "airworthy and safe for their ordinary, foreseeable and anticipated use."  (Id., ¶ 91).  Plaintiff alleges that at the time McTurbine made those representations, McTurbine knew or should have known that the helicopter and its parts were not actually airworthy or safe, but McTurbine "failed to exercise reasonable care or competence in obtaining or communicating those facts."  (Id., ¶ 92).  Plaintiff contends that it was entitled to and did rely on McTurbine's misrepresentations regarding airworthiness and safety.  (Id., ¶ 93).  Finally, Plaintiff contends that as a direct and proximate result of McTurbine's misrepresentations and Plaintiff's subsequent reliance, Plaintiff suffered damages and losses when the helicopter crashed in March, 2006.  (Id., ¶ 94).

Based on the above, Plaintiff pleads an adequate claim against McTurbine for misrepresentation.  Plaintiff pleads that McTurbine, in the course of its business, made a

representation about the safety and airworthiness of the helicopter. Plaintiff contends that this representation was supplied for the guidance of others, and that as shown by the helicopter crash, the representation turned out to be false. Plaintiff contends that McTurbine did not exercise reasonable care in obtaining or communicating information regarding the safety or airworthiness of the helicopter, and that Plaintiff was damaged by justifiably relying on McTurbine's false representation. In sum, Plaintiff adequately pleads a misrepresentation claim against McTurbine, and taking Plaintiff's allegations as true, Plaintiff could conceivably recover against McTurbine under Texas law. See GMAG Commercial Mortg. Corp., 441 F.Supp.2d at 808. Accordingly, McTurbine is not improperly joined in this action, and McTurbine's Texas citizenship cannot be disregarded for purposes of diversity jurisdiction.

III.  **Conclusion**

For the reasons set forth above, the Court GRANTS Plaintiff Grizzly Mountain's oral motion to remand this case. This action is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the County Court at Law Number 3 of Nueces County, Texas, where it was originally filed and assigned Cause No. 08-60552-3.

SIGNED and ORDERED this 4th day of April, 2008.

_____
Janis Graham Jack
United States District Judge